Stephen E. Geduldig, Esquire
Attorney I.D. No. 43530
Ph:  717-745-8725
E-mail:  sgeduldig@pionlaw.com

Bradley N. Sprout, Esquire
Attorney I.D. No. 203182
Ph:  717-745-8727
Email:  bsprout@pionlaw.com

**PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.**
Payne Shoemaker Building
240 North Third Street 10th Floor
Harrisburg, Pennsylvania 17101
Fax:  717-737-5553

**Attorneys for Defendants:**
**Western Express, Inc. and Ryan P. Gleason**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SABINO CORTES and | : | |
| MARIA MALDONADO, | : | CIVIL ACTION – LAW |
| Plaintiffs | : | |
| | : | |
| v. | : | No._____ |
| | : | |
| WESTERN EXPRESS, INC. and | : | |
| RYAN P. GLEASON, | : | JURY TRIAL DEMANDED |
| Defendants | : | |

### <u>NOTICE OF REMOVAL</u>

TO THE CLERK OF THE COURT:

Defendants, Western Express, Inc. and Ryan P. Gleason, by and through their undersigned

counsel, Stephen E. Geduldig, Esquire, Bradley N. Sprout, Esquire, and Pion, Nerone, Girman,

Winslow & Smith, P.C., hereby submit the following Notice of Removal pursuant to 28 U.S.C. §

1441 and remove the state court action described below to the United States District Court of the

Eastern District of Pennsylvania.

1.  On September 28, 2017, the Plaintiffs, Sabino Cortes and Maria Maldonado,

commenced an action against Western Express and Ryan Gleason by filing a Complaint in the

Court of Common Pleas of Northampton County, Pennsylvania, Docket No. C-48-cv-2017-8856

(the "Lawsuit").  A copy of Plaintiffs' Complaint is attached to this Notice of Removal as **Exhibit A**.

2.      The Court of Common Pleas of Northampton County is located within the territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

3.      A copy of the Complaint was served upon Western Express by Certified Mail, Return Receipt Requested on October 2, 2017.  See **Exhibit B**, September 29, 2017 Letter from Plaintiffs' Counsel & USPS Tracking Results.

4.      Accordingly, removal is being made within the time permitted by 28 U.S.C. § 1446(b)(2)(B).

5.      Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants consent to the removal of the Lawsuit to this Court.

6.      Removal of the Lawsuit to this Court is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction – specifically, diversity jurisdiction under 28 U.S.C. § 1332 – over Plaintiffs' claims.

7.      The requirement of complete diversity between Plaintiffs and defendants is met, as set forth below:

a.      Plaintiff, Sabino Cortes, resides in, and thus is a citizen of, Pennsylvania. See **Exhibit A**, Complaint, ¶ 1.

b.      Plaintiff, Maria Maldonado, resides in, and thus is a citizen of, New Jersey. See **Exhibit A**, Complaint, ¶ 2.

      c.      Defendant, Western Express, is a citizen of Tennessee, as it is both incorporated in Tennessee and has its principal place of business in Tennessee. <u>See</u> **Exhibit A**, Complaint, ¶ 3.

      d.      Defendant, Ryan Gleason, resides in, and this is a citizen of, New York. <u>See</u> **Exhibit A**, Complaint, ¶ 4.

      e.      As such, there is complete diversity of citizenship between the Plaintiffs and the Defendants.

      f.      Moreover, none of the Defendants are citizens of Pennsylvania and, thus, the requirements of 28 U.S.C. § 1441(b)(2) are met.

8.      The requirement of an amount in controversy in excess of $75,000 is met, as set forth below:

      a.      The Lawsuit arises out of a motor vehicle accident that occurred on October 13, 2015, on Interstate 80 West in East Stroudsburg Borough, Monroe County, Pennsylvania. <u>See</u> **Exhibit A**, Complaint, ¶¶ 7-9.

      b.      Both Sabino Cortes and Maria Maldonado have made separate, individual claims against Defendants for compensatory damages in excess of $50,000, although neither individual demands a specific sum. <u>See</u> **Exhibit A**, *Ad Damnum* Clauses to Counts I – IV.

      c.      Nonetheless, Sabino Cortes seeks to recover damages for the following: serious and/or permanent injuries to his body and extremities; physical pain and anxiety; mental and emotional distress; loss of life's pleasures; embarrassment, humiliation and disfigurement; past and future medical expenses; past and future lost earnings/earning

capacity; costs of services he can no longer perform himself; and damages to his motor vehicle.  See **Exhibit A**, Complaint, ¶¶ 12-16.

       d.     Similarly, Maria Maldonado seeks to recover damages for the following: serious and/or permanent injuries to her body and extremities; physical pain and anxiety; mental and emotional distress; loss of life's pleasures; embarrassment, humiliation and disfigurement; past and future medical expenses; past and future lost earnings/earning capacity, and; costs of services she can no longer perform herself.  See **Exhibit A**, Complaint, ¶¶ 22-25.

       e.     Given the nature and extent of the injuries alleged by Sabino Cortes and Maria Maldonado in their Complaint, it is clear that the damages that they will seek in the Lawsuit will, for each of them individually, exceed the jurisdictional requirement of $75,000.  See Russo v. Wal-Mart Stores East, L.P., 2017 U.S. Dist. LEXIS 69633, *4-5 (M.D. Pa. 2017) (holding that allegations of significant injuries and damages in a complaint will trigger notice by the defendant that an amount in excess of the jurisdictional amount is at issue for purposes of the removal period); Sims v. PerkinElmer Instruments, LLC, 2005 U.S. Dist. LEXIS 5300, *10-11 (E.D. Pa. 2005) (same).

9.     For the reasons set forth above, removal of the Lawsuit to this Court is just and proper.

10.     Upon confirmation of filing and docketing with this Court, this Notice of Removal shall be provided to all parties, as well as the Court of Common Pleas of Northampton County, in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted,

**PION, NERONE, GIRMAN,**
**WINSLOW & SMITH, P.C.**

Date:  October  25 , 2017

STEPHEN E. GEDULDIG, ESQUIRE
PA Attorney I.D. No. 43530
BRADLEY N. SPROUT, ESQUIRE
PA Attorney I.D. No. 203182

**Counsel for Defendants**
**Western Express, Inc. & Ryan P. Gleason**

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

NORTHAMPTON _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |
| CV·2017·8856 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: SABINO CORTES | Lead Defendant's Name: WESTERN EXPRESS, INC. |
|---|---|

| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits<br>☒ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: RICHARD M. WIENER, ESQ.

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☒ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

**DEFENDANT'S EXHIBIT A**

*Updated 1/1/2011*

I hereby attest this is a true
copy of the Complaint.

LAW OFFICES OF RICHARD M. WIENER, LLC
BY: RICHARD M. WIENER, ESQUIRE
Identification No. 68041                              _____
Eight Tower Bridge, Suite 400                          Richard M. Wiener, Esq.
161 Washington Street
Conshohocken, PA 19428
(610) 832-8050                                         **Attorney for Plaintiffs**

---

| | | |
|---|---|---|
| SABINO CORTES | : | IN THE COURT OF COMMON PLEAS |
|    and | : | OF NORTHAMPTON COUNTY, |
| MARIA MALDONADO | : | PENNSYLVANIA |
| | : | |
| *Plaintiffs* | : | CIVIL ACTION – LAW |
| | : | |
| vs. | : | |
| | : | |
| WESTERN EXPRESS, INC. | : | |
|    and | : | |
| RYAN P. GLEASON | : | |
| | : | |
| *Defendants* | : | |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
155 South Ninth Street
Easton, PA 18042
Telephone 610-258-6333

I hereby attest this is a true
copy of the Complaint.

_____
Richard M. Wiener, Esq.

LAW OFFICES OF RICHARD M. WIENER, LLC
BY: RICHARD M. WIENER, ESQUIRE
Identification No. 68041
Eight Tower Bridge, Suite 400
161 Washington Street
Conshohocken, PA 19428
(610) 832-8050                                          Attorney for Plaintiffs

_____

| | | |
|---|---|---|
| SABINO CORTES | : | IN THE COURT OF COMMON PLEAS |
| 128 Kent Lane | : | OF NORTHAMPTON COUNTY, |
| Wilkes-Barre, PA 18702 | : | PENNSYLVANIA |
| and | : | |
| MARIA MALDONADO | : | CIVIL ACTION – LAW |
| 687 Summer Avenue, Apt. 8 | : | |
| Newark, NJ 07104 | : | C·48·CV·2017-8852 |
| | : | |
| *Plaintiffs* | : | |
| | : | |
| vs. | : | |
| | : | |
| WESTERN EXPRESS, INC. | : | |
| 7135 Centennial Place | : | |
| Nashville, TN 37209 | : | |
| and | : | |
| RYAN P. GLEASON | : | |
| 566 CO RT 21 | : | |
| Hannibal, NY 13074 | : | |
| | : | |
| *Defendants* | : | |

## COMPLAINT IN CIVIL ACTION

1.  Plaintiff, Sabino Cortes is an adult individual residing at the address above-captioned.

2.  Plaintiff, Maria Maldonado is an adult individual residing at the address above-captioned.

1

3.   Defendant, Western Express, Inc. is a Tennessee for-profit corporation, regularly conducting substantial business in Northampton County, Pennsylvania, with a registered principal office at the address above-captioned.

4.   Defendant, Ryan P. Gleason is an adult individual residing and/or maintaining an office and/or usual place of business at the address above-captioned.

5.   At all times material hereto, Defendant, Ryan P. Gleason was the agent, servant, contractor, sub-contractor, worker, and/or employee of Defendant, Western Express, Inc., engaged in the business of said defendant and acting within the scope of his agency and/or employment.

6.   Alternatively, at all times material hereto, Defendant, Ryan P. Gleason was the permissive operator of the truck owned by Defendant, Western Express, Inc. which was involved in an incident hereinafter more fully described.

7.   On October 13, 2015 at approximately 2:30 p.m., Plaintiff, Maria Maldonado was a passenger in a 2005 Nissan Quest owned and operated by Plaintiff, Sabino Cortes on Interstate 80 West at or near mile marker 307.6 in East Stroudsburg Borough, Monroe County, Pennsylvania.

8.   At the same time and place aforesaid, Defendant, Ryan P. Gleason was the operator of a 2013 Freightliner truck owned by Defendant, Western Express, Inc. and registered in the state of Tennessee.

9.   Defendant, Ryan P. Gleason operated the aforesaid truck so as to cause it to strike the rear of Plaintiff, Sabino Cortes's aforesaid vehicle.

2

**COUNT I**
**SABINO CORTES vs. WESTERN EXPRESS, INC. and RYAN P. GLEASON**

10.   Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

11.   The aforesaid collision was directly and proximately caused by the negligent conduct of Defendant, Ryan P. Gleason and, to the extent Defendant, Ryan P. Gleason was acting as the agent of Defendant, Western Express, Inc., by Defendant, Western Express, Inc., which included the following:

(a) Operating the aforesaid truck so as to cause it to strike the rear of the vehicle occupied by Plaintiffs;

(b) Following too closely;

(c) Violating 75 Pa.C.S.A. § 3310;

(d) Failing to maintain proper control over a truck;

(e) Failing to maintain an adequate and proper lookout while operating a truck;

(f) Operating a truck at an excessive rate of speed in light of the prevailing road, traffic and/or weather conditions;

(g) Violating 75 Pa.C.S.A. § 3361;

(h) Failing to give due regard to the point, position and/or safety of other persons and/or vehicles lawfully on the road;

(i) Failing to properly and/or adequately apply brakes;

(j) Failing to keep a proper lookout;

(k) Failing to come to a safe and proper stop; and

(l) Driving a vehicle while being distracted, inattentive and/or tired.

12.   As a direct and proximate result of the aforesaid incident, Plaintiff sustained injuries in and about his body and extremities which injuries are serious and/or permanent, and/or may have aggravated a previously-existing condition.   Plaintiff's injuries include soft tissue and structural damages to his spine and extremities as well as other injuries, each and all of which have caused him to undergo physical pain, anxiety, and mental and emotional distress as a direct and proximate result of which he has and will continue to experience pain and suffering, loss of enjoyment of life's pleasures, embarrassment and humiliation, and/or disfigurement.

13.   As a further direct and proximate result of the aforesaid incident, Plaintiff has been and may in the future be obliged to incur expenses for medicines, medical attention, and healthcare in trying to treat and cure said injuries.

14.   As a further direct and proximate result of the aforesaid incident, Plaintiff has been and/or may in the future be prevented from attending to his usual and daily occupation and/or daily duties, thereby suffering a loss of earnings and/or impairment of earning capacity.

15.   As a further direct and proximate result of the aforesaid incident, Plaintiff has suffered and/or may suffer a loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which Plaintiff would have performed, not for income, but for the benefit of himself if he had not been injured.

16.   As a further direct and proximate result of the aforesaid incident, Plaintiff's vehicle was damaged in and about its various parts.

WHEREFORE, Plaintiff, Sabino Cortes demands compensatory damages be awarded in his favor and against Defendants, Western Express, Inc. and Ryan P. Gleason, individually,

4

jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with such other relief as this Court may deem proper and just.

## COUNT II
## SABINO CORTES vs. WESTERN EXPRESS, INC.

17.   Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

18.   The aforesaid collision was directly and proximately caused by the negligent conduct of Defendant, Western Express, Inc. which included the following:

(a)   Allowing and/or requiring Defendant, Ryan P. Gleason to operate the aforesaid truck when Defendant, Western Express, Inc. knew or reasonably should have known that Defendant, Ryan P. Gleason was an inexperienced, unlicensed, unqualified, unsafe, unfit, tired, and/or careless driver.

(b)   Allowing and/or requiring Defendant, Ryan P. Gleason to operate the aforesaid truck when it knew or reasonably should have known that the truck was not equipped with proper and/or properly operating signals, safety devices, warning devices, tires, and/or brake systems;

(c)   Violating the applicable traffic, interstate commerce and trucking laws and regulations;

(d)   Failing to properly and/or adequately inspect and/or maintain the aforesaid truck, including, but not limited to those items specified in sub-paragraph (b) above;

(e) Permitting and/or requiring Defendant, Ryan P. Gleason to operate the aforesaid truck when it knew or reasonably should have known it was in a state of disrepair and/or unsafe to drive under the circumstances;

(f) Improperly hiring, employing, promoting, training, and/or supervising various agents, servants, contractors, sub-contractors, workers, and/or employees, such as Defendant, Ryan P. Gleason who had the responsibility and/or obligation to properly inspect, maintain, and/or operate the aforesaid truck;

(g) Improperly permitting the various agents, servants, workers, contractors, sub-contractors, and/or employees, such as Defendant, Ryan P. Gleason to continue working as agents, servants, workers, contractors, sub-contractors, and/or employees when Defendant knew and/or should have known that said agents, servants, workers, contractors, sub-contractors, and/or employees were unable to and/or incapable of properly performing the requirements of their respective employment;

(h) Failing to establish proper policies, procedures and/or standards to determine whether potential or actual agents, servants, workers, contractors, sub-contractors, and/or employees were and/or are fit and capable of properly performing the requirements of their respective employment;

(i) Establishing improper and/or unsafe policies, procedures and standards regarding the time within and/or manner with which service calls and/or deliveries were made, goods were picked up, and/or goods were shipped;

(j) Establishing improper and/or unsafe policies, procedures and standards regarding the amount of time its driver(s) must sleep and/or rest each day;

6

(k) Establishing improper and/or unsafe policies, procedures and standards regarding the number of hours worked by agents, servants, workers, contractors, sub-contractors, and/or employees, such as Defendant, Ryan P. Gleason;

(l) Establishing improper and/or unsafe policies, procedures and standards regarding the conditions and circumstances under which its agents, servants, workers, contractors, sub-contractors, and/or employees, such as Defendant, Ryan P. Gleason were permitted to drive a truck; and

(m) Failing to properly enforce applicable policies, procedures, and standards concerning issues as described in sub-paragraphs (h), (i), (j), (k) and (l).

19.   As a direct and proximate result of Defendant's aforesaid negligence, Plaintiff sustained the injuries and incurred the damages set forth in ¶¶ 12-16, *supra*.

WHEREFORE, Plaintiff, Sabino Cortes demands compensatory damages be awarded in his favor and against Defendant, Western Express, Inc., individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with such other relief as this Court may deem proper and just.

## COUNT III
### MARIA MALDONADO vs. WESTERN EXPRESS, INC. and RYAN P. GLEASON

20.   Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

21.   The aforesaid collision was directly and proximately caused by the negligent conduct of Defendant, Ryan P. Gleason and, to the extent Defendant, Ryan P. Gleason was acting as the

7

agent of Defendant, Western Express, Inc., by Defendant, Western Express, Inc., which included the following:

     (a) Operating the aforesaid truck so as to cause it to strike the rear of the vehicle occupied by Plaintiffs;

     (b) Following too closely;

     (c) Violating 75 Pa.C.S.A. § 3310;

     (d) Failing to maintain proper control over a truck;

     (e) Failing to maintain an adequate and proper lookout while operating a truck;

     (f) Operating a truck at an excessive rate of speed in light of the prevailing road, traffic and/or weather conditions;

     (g) Violating 75 Pa.C.S.A. § 3361;

     (h) Failing to give due regard to the point, position and/or safety of other persons and/or vehicles lawfully on the road;

     (i) Failing to properly and/or adequately apply brakes;

     (j) Failing to keep a proper lookout;

     (k) Failing to come to a safe and proper stop; and

     (l) Driving a vehicle while being distracted, inattentive and/or tired.

22.  As a direct and proximate result of the aforesaid incident, Plaintiff sustained injuries in and about her body and extremities which injuries are serious and/or permanent, and/or may have aggravated a previously-existing condition.  Plaintiff's injuries include soft tissue and structural damages to her spine and extremities as well as other injuries, each and all of which have caused her to undergo physical pain, anxiety, and mental and emotional distress as a direct

8

and proximate result of which she has and will continue to experience pain and suffering, loss of enjoyment of life's pleasures, embarrassment and humiliation, and/or disfigurement.

23.   As a further direct and proximate result of the aforesaid incident, Plaintiff has been and may in the future be obliged to incur expenses for medicines, medical attention, and healthcare in trying to treat and cure said injuries.

24.   As a further direct and proximate result of the aforesaid incident, Plaintiff has been and/or may in the future be prevented from attending to her usual and daily occupation and/or daily duties, thereby suffering a loss of earnings and/or impairment of earning capacity.

25.   As a further direct and proximate result of the aforesaid incident, Plaintiff has suffered and/or may suffer a loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which Plaintiff would have performed, not for income, but for the benefit of herself if she had not been injured.

WHEREFORE, Plaintiff, Maria Maldonado demands compensatory damages be awarded in her favor and against Defendants, Western Express, Inc. and Ryan P. Gleason, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with such other relief as this Court may deem proper and just.

## COUNT IV
## MARIA MALDONADO vs. WESTERN EXPRESS, INC.

26.   Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

27.   The aforesaid collision was directly and proximately caused by the negligent conduct of Defendant, Western Express, Inc. which included the following:

9

(a) Allowing and/or requiring Defendant, Ryan P. Gleason to operate the aforesaid truck when Defendant, Western Express, Inc. knew or reasonably should have known that Defendant, Ryan P. Gleason was an inexperienced, unlicensed, unqualified, unsafe, unfit, tired, and/or careless driver.

(b) Allowing and/or requiring Defendant, Ryan P. Gleason to operate the aforesaid truck when it knew or reasonably should have known that the truck was not equipped with proper and/or properly operating signals, safety devices, warning devices, tires, and/or brake systems;

(c) Violating the applicable traffic, interstate commerce and trucking laws and regulations;

(d) Failing to properly and/or adequately inspect and/or maintain the aforesaid truck, including, but not limited to those items specified in sub-paragraph (b) above;

(e) Permitting and/or requiring Defendant, Ryan P. Gleason to operate the aforesaid truck when it knew or reasonably should have known it was in a state of disrepair and/or unsafe to drive under the circumstances;

(f) Improperly hiring, employing, promoting, training, and/or supervising various agents, servants, contractors, sub-contractors, workers, and/or employees, such as Defendant, Ryan P. Gleason who had the responsibility and/or obligation to properly inspect, maintain, and/or operate the aforesaid truck;

(g) Improperly permitting the various agents, servants, workers, contractors, sub-contractors, and/or employees, such as Defendant, Ryan P. Gleason to continue working as agents, servants, workers, contractors, sub-contractors, and/or employees when

10

Defendant knew and/or should have known that said agents, servants, workers, contractors, sub-contractors, and/or employees were unable to and/or incapable of properly performing the requirements of their respective employment;

(h) Failing to establish proper policies, procedures and/or standards to determine whether potential or actual agents, servants, workers, contractors, sub-contractors, and/or employees were and/or are fit and capable of properly performing the requirements of their respective employment;

(i) Establishing improper and/or unsafe policies, procedures and standards regarding the time within and/or manner with which service calls and/or deliveries were made, goods were picked up, and/or goods were shipped;

(j) Establishing improper and/or unsafe policies, procedures and standards regarding the amount of time its driver(s) must sleep and/or rest each day;

(k) Establishing improper and/or unsafe policies, procedures and standards regarding the number of hours worked by agents, servants, workers, contractors, sub-contractors, and/or employees, such as Defendant, Ryan P. Gleason;

(l) Establishing improper and/or unsafe policies, procedures and standards regarding the conditions and circumstances under which its agents, servants, workers, contractors, sub-contractors, and/or employees, such as Defendant, Ryan P. Gleason were permitted to drive a truck; and

(m) Failing to properly enforce applicable policies, procedures, and standards concerning issues as described in sub-paragraphs (h), (i), (j), (k) and (l).

28.   As a direct and proximate result of Defendant's aforesaid negligence, Plaintiff

11

sustained the injuries and incurred the damages set forth in ¶¶ 22-25, *supra*.

WHEREFORE, Plaintiff, Maria Maldonado demands compensatory damages be awarded in her favor and against Defendant, Western Express, Inc., individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with such other relief as this Court may deem proper and just.

LAW OFFICES OF RICHARD M. WIENER, LLC

BY: _____
RICHARD M. WIENER, ESQUIRE
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand a jury trial as to all issues herein.

LAW OFFICES OF RICHARD M. WIENER, LLC

BY: _____
RICHARD M. WIENER, ESQUIRE
Attorney for Plaintiffs

12

## VERIFICATION

Sabino Cortes hereby states that he is the Plaintiff herein and that the facts set forth in the foregoing Complaint in Civil Action are true and correct to the best of his knowledge, information and belief and are based upon information he has furnished to his counsel and information which has been gathered by his counsel in preparation of the lawsuit. The language in the Complaint is that of counsel and not of Plaintiff. Plaintiff has read the Complaint and to the extent it is based upon information he has given to his counsel, it is true and correct to the best of his knowledge, information and belief. To the extent the contents of the Complaint are that of counsel, Plaintiff has relied upon counsel in making this verification. This verification is made subject to 18 Pa.C.S.A. § 4904 which provides for certain penalties for making false statements.

**Sabino Cortes**

## VERIFICATION

Maria Maldonado hereby states that she is the Plaintiff herein and that the facts set forth in the foregoing Complaint in Civil Action are true and correct to the best of her knowledge, information and belief and are based upon information she has furnished to her counsel and information which has been gathered by her counsel in preparation of the lawsuit.  The language in the Complaint is that of counsel and not of Plaintiff.  Plaintiff has read the Complaint and to the extent it is based upon information she has given to her counsel, it is true and correct to the best of her knowledge, information and belief.  To the extent the contents of the Complaint are that of counsel, Plaintiff has relied upon counsel in making this verification.  This verification is made subject to 18 Pa.C.S.A. § 4904 which provides for certain penalties for making false statements.

Maria Maldonado
**Maria Maldonado**



Law Offices of
**Richard M. Wiener, LLC**

RECEIVED OCT 0 3 2017

September 29, 2017

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
**AND U.S. FIRST CLASS MAIL**

Western Express, Inc.
7135 Centennial Place
Nashville, TN  37209

Re:  **Sabino Cortes and Maria Maldonado vs. Western Express, Inc., et al.**
     **CCP, Northampton County, Docket No.:  C-48-cv-2017-8856**

Dear Sir/Madam:

    Enclosed please find a true and correct copy of the Complaint in Civil Action filed against you in the above-captioned matter.  Please forward this to your insurance company upon receipt.

                Very truly yours,

                Theresa M. Miller, Paralegal to
                **RICHARD M. WIENER, ESQUIRE**

/tmm
Enclosure

**Return Receipt No.:  7014 3490 0000 7872 8952**



DEFENDANT'S
EXHIBIT
*B*

Eight Tower Bridge • Suite 4[...]      Conshohocken, PA 19428
Phone: 610-832-805[...]      [...].wienerlegal.com

# USPS Tracking® Results

**FAQs** > (http://faq.usps.com/?articleId=220900)

## Track Another Package +

Remove ✕

**Tracking Number:** 70143490000078728952

   Delivered

# Product & Tracking Information

**See Available Actions**

**Postal Product:**    **Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| **October 2, 2017, 1:03 pm** | **Delivered, Front Desk/Reception** | **NASHVILLE, TN 37209** |

Your item was delivered to the front desk or reception area at 1:03 pm on October 2, 2017 in NASHVILLE, TN 37209.

| October 2, 2017, 3:07 am | Departed USPS Regional Facility | NASHVILLE TN DISTRIBUTION CENTER ANNEX |
| October 1, 2017, 2:49 pm | Arrived at USPS Regional Facility | NASHVILLE TN DISTRIBUTION CENTER ANNEX |

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| October 1, 2017, 9:28 am | In Transit to Destination | ON ITS WAY TO NASHVILLE, TN 37209 |

See More ∨

## Available Actions

**Text & Email Updates** ∨

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**